IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VALLEY CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MID-CONTINENT CASUALTY INSURANCE CO., <br><br> Defendant. | **MEMORANDUM DECISION & ORDER DENYING MOTION FOR ATTORNEY'S FEES** <br><br> Case No: 1:09-CV-78 DB <br><br> District Judge Dee Benson <br><br> Magistrate Judge David Nuffer |

Defendant Mid-Continent Casualty Insurance Company ("Mid-Continent") has filed a motion for an award of attorney's fees.[1] For the reasons discussed below, the court denies the motion.

## BACKGROUND

Plaintiff Valley Construction, Inc. (Valley) filed suit against its insurer, Mid-Continent, alleging three claims for relief: (1) Breach of Contract, (2) Violation of the Utah statute concerning Unfair Claim Settlement Practices, and (2) Breach of the Implied Covenant of Good Faith and Fair Dealing.[2]

---

[1] Defendant's Motion for Attorney's Fees, docket no. 33, filed October 29, 2010.

[2] Complaint ¶¶ 18-26, attachment no. 2 to Notice of Removal, docket no. 2, filed June 4, 2009.

On February 26, 2010, this court entered an order allowing counsel for Valley to withdraw.[3] No new counsel has entered an appearance for Valley.

In August 2010, Mid-Continent filed a motion for summary judgment.[4] When Valley did not respond to the motion within the time set forth in the local rules, Mid-Continent filed a Request to Submit for Decision asking the court to issue a decision.[5] In response, the court ordered Valley to show cause within fifteen days why Mid-Continent's motion for summary judgment should not be granted and to inform the court of the status of the case and Valley's intentions to proceed.[6] The court warned Valley that failure to do so would result in the granting of the motion.[7]

When Valley did not respond within the required time, Mid-Continent filed another request to submit for decision asking the court to grant its motion for summary judgment due to Valley's failure to file a response to the court's order.[8] The court then entered an order granting Mid-Continent's motion for summary judgment.[9] The court did not address the merits of the

---

[3] Order of Withdrawal, docket 19, filed March 1, 2010.

[4] Defendant's Motion for Summary Judgment, docket no. 23, filed August 3, 2010.

[5] Docket no. 27, filed September 8, 2010.

[6] Order, docket no. 28, filed September 23, 2010.

[7] *Id.*

[8] Request to Submit for Decision, docket no. 31, filed October 13, 2010.

[9] Order Granting Defendant Mid-Continent Casualty Insurance Company's Motion for Summary Judgement, docket no. 32, filed October 15, 2010.

claims in this case, but granted the motion "because [Valley] has not responded to the Court's order."[10] Mid-Continent then filed this motion for attorney's fees.

## DISCUSSION

"Utah adheres to the well-established rule that attorney's fees generally cannot be recovered unless provided for by statute or by contract."[11] As bases for an award of attorney's fees, Mid-Continent relies on (1) Utah Code Ann. § 78B-5-826, dealing with reciprocal rights to recover attorney's fees; (2) Utah Code Ann. § 78B-5-825, providing for an award of attorney's fees where an action or defense is taken in bad faith; and (3) "case law relating to claims for breach of implied covenant of good faith and fair dealing under an insurance contract, and defense of those claims."[12] The court addresses each of these bases in turn.

**Utah Code Ann. § 78B-5-826**

This statute provides that "[a] court may award costs and attorney fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing . . . when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees." Mid-Continent has failed to point to any provision in the underlying written insurance policy which allows one of the parties to recover attorney's fees. The court therefore finds that this statute has no application to this case.

---

[10]*Id.*

[11]*Canyon Country Store v. Bracey*, 781 P.2d 414, 419 (Utah 1989)(quoting *Turtle Mgmt. Inc. v. Haggis Mgmt.,Inc.*, 645 P.2d 667, 671 (Utah 1982)); *Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1317 (10th Cir. 2000) (noting that Utah generally follows the traditional American rule that a prevailing party cannot recover attorney's fees unless authorized by contract or statute).

[12]Memorandum in Support of Defendant's Motion for Attorney's Fees ("Supporting Memorandum") at 3-4, docket 34, filed October 29, 2010.

**Utah Code Ann. § 78B-5-825**

This statute provides that "[i]n civil actions, the court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith."

In this case, the first part of the test is not satisfied because there has been no adjudication on the merits. The court simply granted Mid-Continent's motion for summary judgment because Valley failed to respond to the court's order to show cause. Since the first part of the test is not met, the court need not address the second part of the test.

**Case Law Relating to Claims for Breach of the Implied Covenant of Good Faith & Fair Dealing**

As noted above, an award of attorney's fees is available only where provided for by contract or statute. Mid-Continent nevertheless has cited several Utah cases in support of its assertion that it is entitled to an award of attorney's fees for an alleged breach of the implied covenant of good faith and fair dealing. The court finds that these cases are distinguishable, however, in that they concern situations in which the insurer, rather than the insured, was alleged to have breached the implied covenant of good faith and fair dealing by failing to investigate and settle a claim in good faith.[13]

---

[13] *Lieber v. ITT Hartford Ins. Ctr., Inc.*, 15 P.3d 1030, 1037 (Utah 2000); *Gibbs M. Smith, Inc. v. U.S. Fidelity & Guaranty Co.*, 949 P.2d 337, 344 (Utah 1997); *see also Machan v. UNUM Life Ins. Co. of Am.*, 116 P.3d 342, 346-47 (Utah 2005)(holding that consequential damages are available for breach of the express terms of an insurance contract).

The Utah Supreme Court has explained the rationale for enforcing the good faith requirement against an insurer because of the unequal positions occupied by the insurer and the insured:

> An insured who has suffered a loss and is pressed financially is at a marked disadvantage when bargaining with an insurer over payment for that loss. Failure to accept a proffered settlement, although less than fair, can lead to catastrophic consequences for an insured who, as a direct consequence of the loss, may be peculiarly vulnerable, both economically and emotionally. The temptation for an insurer to delay settlement while pressures build on the insured is great, especially if the insurer's exposure cannot exceed the policy limits.[14]

In contrast, Mid-Continent in this case seeks attorney's fees from its own insured based on an alleged breach of the covenant. The court concludes, therefore, that the cases cited by Mid-Continent in support of its motion are inapposite.

**ORDER**

For the foregoing reasons, Defendant's Motion for Attorney's Fees[15] is **DENIED**.

December 27, 2010.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[14] *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 798 (Utah 1985).

[15] Docket no. 33, filed October 29, 2010.